

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT MATZ, individually and on )
behalf of all others similarly situated, )
)
    Plaintiff, )   Case No. 96 C 1095
)
v. )   Judge Joan B. Gottschall
)
HOUSEHOLD INTERNATIONAL )   Magistrate Judge
TAX REDUCTION INVESTMENT )   Martin C. Ashman
PLAN, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Robert Matz ("Plaintiff") sued Household International Tax Reduction Investment Plan ("Defendant") under the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. This matter comes before the Court on Defendant's Renewed Motion to Deem Admitted. This Court rules on this motion under Judge Joan B. Gottschall's referral of this case for discovery supervision pursuant to Local Rule 72.1. For the foregoing reasons, the Court denies Defendant's motion.

## I. Background

This dispute arises from a previous order the Court entered on May 11, 2009. On that day, the parties appeared on Defendant's Motion to Deem Admitted ("Defendant's original motion" or "original motion"). Defendant contended that Plaintiff failed to admit or deny requests in accordance with FED. R. CIV. P. 36 ("Rule 36"). Using a chart included in that motion, Defendant

identified, by request number, Plaintiff's responses that it thought were insufficient. The Court denied the original motion but struck all of Plaintiff's answers, giving him 21 days to amend his responses to Defendant's requests to admit. Plaintiff amended his responses within that time frame, but Defendant is not satisfied with the result. Because Plaintiff would not further amend his responses, Defendant brought the motion currently before the Court.

## II. Discussion

### A. The May 11, 2009, Order

As an initial matter, Defendant contends that Plaintiff improperly amended only a select number of responses, even though the Court previously struck all of Defendant's responses. (Def.'s Reply 1.) Defendant argues that, even if Plaintiff properly amended some responses, he did not do so for all of them; therefore, all of the responses that remained unchanged should be deemed admissions. (Def.'s Reply 1-11.) Plaintiff claims that the only responses at issue were those identified by the chart contained in Defendant's original motion. (Pl.'s Resp. to Def.'s Renewed Mot. ("Pl.'s Resp.") 2-3.) Therefore, Plaintiff argues that he was not required to amend those responses. (*Id.*)

On May 11, 2009, when the Court ordered Plaintiff's answers stricken, it did so in the context of a hearing where the parties and the Court used broad language. The language used did not specify that Plaintiff should amend all of its responses. The Court will not punish Plaintiff for relying on the chart identified in Defendant's original motion—as the Court did not specifically state whether it was ruling on only those answers identified in the chart. Therefore, the Court denies Defendant's motion as to the responses not identified by the chart in Defendant's original

motion. Those answers, however, are stricken and Defendant is given 21 days to amend its responses to comply with the Court's previous order, as well as this one.

Before proceeding, the Court also notes that its May 11, 2009, Order required Plaintiff to amend its answers that claimed he lacked knowledge, where the request to admit asked about the state of Plaintiff's knowledge. The Court noted that the Plaintiff must know what it does not know, and he must, therefore, answer the request to admit. It also ordered Plaintiff to state, pursuant to Rule 36, what it had done to determine that it did not have enough information to admit or deny the request to admit. These orders related to the answers given to the requests identified by the chart appearing in Defendant's original motion. Those are the answers to which the Court's orders spoke–and are those to which the court now turns.

### B. The Remaining Responses

This Court has found that only the answers identified in the original motion are at issue, and it now examines their sufficiency. They consist of the following numbered answers: 3, 7, 8-9, 13-25, 29-35, 38-43, 48-54, 59-74, 94-96, 99-106, 108-124, 135-155, 170-186, 192-202, 206-231.

Rule 36 governs requests for admission. Under Rule 36, the responding party must admit or deny a request. FED. R. CIV. P. 36(a)(4). The responding party may, "when good faith requires," admit or deny part of the request, but "the answer must specify the part admitted and qualify or deny the rest." *Id.* The responding party may answer that it lacks knowledge "only if the party states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*

The Court has compared Plaintiff's first responses with its amended responses. The Court finds that the following responses to Defendant's numbered requests to admit comply with Rule 36: 3, 7, 9, 13-14, 15-22, 29-33, 35, 38-52, 54, 62-67, 69-74, 94-96, 99-106, 109, 111, 115-20, 122, 124, 135-38, 143, 146, 149, 152, 155, 170, 172, 174, 176, 178–86, 192, 194-95, 197-213, 215, 217, 219, 221, 223, 225, 227, 229, 231. Some of these responses contain relevance objections but sufficiently answer those requests subject to that objection. Contrary to Defendant's contention, there is nothing wrong with answering a request subject to an objection.[1]

Additionally, some of these answers properly claim lack of knowledge. At the last hearing, the Court explained that Plaintiff must explain the "reasonable inquiry" it made to determine what documents or information it possessed. The Court finds that, of the numbered answers it found proper, those that disclaimed knowledge complied with this Court's May 11, 2009, Order. Plaintiff, therefore, does not need to amend these answers.

The remaining responses identified by Defendant's original motion are insufficient under Rule 36: 8, 23-25, 34, 53, 59-61, 68, 108, 110, 112-114, 121, 123, 139-42, 144-45, 147-48, 150-51, 153-54, 171, 173, 175, 177, 193, 196, 214, 216, 218, 220, 222, 224, 226, 228, 230. These responses fall into three categories: failure to admit or deny as to the entire request; failure to admit or deny because of lack of knowledge; and failure to admit or deny because discovery is

---

[1] Defendant argues that Plaintiff did not fully answer after stating his objection, phrasing answers in equivocal terms, such as "may." (Def.'s Renewed Mot. 8-9.) The Court finds that Plaintiff fully answered these requests by admitting, denying, or stating why it lacked the knowledge it needed to answer. Although the language was qualified, Plaintiff did fully admit or deny the answer, or properly stated its lack of knowledge after reasonable inquiry–which is what Rule 36 requires. Where Plaintiff failed to fully comply with Rule 36, the Court so notes below.

not complete. The Court reviews representative samples of each kind of insufficient response to give the parties a flavor of their deficiencies.

First the Court examines request number 8, which is an example of Plaintiff's failure to provide a complete admission or denial:

> 8.  Admit that Plaintiff's claim is that "[t]he Reorganization began on or about August 1, 1994[,] and ended on or about June 30, 1996, i.e., the Reorganization period."
>
> **RESPONSE**: Matz admits that his claim includes the facts set forth in Request No. 8 but denies that all Plan participants terminated because of the Reorganization between August 1, 1994[,] and June 30, 1996[,] because there are Plan participants that terminated participation in the Plan because of the Reorganization shortly before August 1, 1994[,] and shortly after June 30, 1996.

(Def.'s Renewed Mot. to Deem Admitted ("Def.'s Mot.") Ex. B. at 3.) This response is insufficient because it does not fully admit or deny the request. Instead, it qualifies its denial. Plaintiff can remedy this problem by admitting or denying the remainder of the statement if it chooses. But for now, the response remains insufficient.

The Court next reviews the response to request number 23, which represents another example of Plaintiff's failure to fully admit or deny the Request.

> 23.  Admit that terminations resulting from Household's disposition of its manufacturing business are not included in Plaintiff[']s alleged "reorganization[,]" which, plaintiff contends, resulted in a partial termination fo the Plan.
>
> **RESPONSE**: Matz objects to Request No. 23 because "manufacturing business" is not defined, and it is outside the scope of discovery, and not relevant to the issues raised in this case as the Request involves events occurring prior to January 1, 1993. Subject to that objection, Matz admits that if "termination resulting from Household[']s disposition of its manufacturing business"

> refers exclusively to Household actions in 1989-90, these actions
> are not included in the reorganization.

(Def.'s Mot. Ex. B at 10.) This answer is insufficient because it is a qualified admission. Using "if" to narrow the scope of the request does not fully admit or deny the request. Again, Plaintiff can cure this problem by admitting or denying the remainder of the request if it chooses. Plaintiff also gives this type of response to requests 24 and 25.

The next request examined–request 34–asks about the state of Plaintiff's knowledge:

> 34. Admit that Plaintiff is aware of no facts or evidence contradicting or tending to contradict the fact that those individuals who became employed by Household as a result of the acquisition of TFSHC were, or became, eligible to participate in the Plan on the same terms as other Household employees.
>
> **RESPONSE**: Matz objects to Request No. 34 because it is outside the scope of discovery, and not relevant to the issues raised in this case as the Request involves events occurring after December 31, 1996. Subject to that objection, Matz admits that individuals may have joined the Plan after the acquisition of TFSHC. Matz lacks sufficient information or knowledge to admit or deny the remainder of Request 34. Matz has made [a] reasonable inquiry into public records concerning the acquisition of TFSHC and the public records do not contain sufficient information to admit or deny the remainder of Request 34. This transaction was not identified as relevant by the Plan or Household until these Requests and Matz has searched the discovery responses of the Plan and Household produced to date and the response and documents provided contain insufficient information to admit or deny the remainder of Request 34.

(Def.'s Mot. Ex. B at 13-14.) Plaintiff's response, which claims lack of knowledge, is insufficient. Here, the requests asks whether "Plaintiff is *aware* of no facts or evidence"of the information included in the request. (*Id.* (emphasis added).) Plaintiff cannot avoid answering by claiming that

he does not know what he knows. Plaintiff must answer this request by admitting or denying. This analysis also applies to Plaintiff's response to request 53.

The final category of responses claim inability to answer because Plaintiff lacks information that it will gain through discovery. Representative of this is Plaintiff's response to Defendant's request number 59:

> 59. Admit that 8,681 employees participated in the Plan as of August 31, 1994.
>
> **RESPONSE**: After having made a reasonable inquiry, Matz lacks sufficient information and knowledge to admit or deny Request No. 59 because discovery is not complete on this issue. Neither the Plan nor Household has produced all the documents requested by Matz, and no third party has produced *any* document subpoenaed by Matz. Class counsel needs to depose current and former Household and Plan employees, Household director and officers, Plan participants, advisors, and/or consultants on this issue. Matz has not yet had an opportunity to verify the accuracy, completeness or comprehensiveness of the Plan participant information and numbers contained within the database produced by the Plan. Without such opportunity, Matz lacks sufficient information and knowledge to calculate Plan participant numbers. Without discovery being completed, Matz lacks sufficient information and knowledge to make a comprehensive determination of said issue.

(Def.'s Mot. Ex. B at 25 (citations omitted) (emphasis in original)). This response is insufficient. The Court already ruled at the May 11, 2009, hearing that Plaintiff cannot claim lack of knowledge because discovery is incomplete. The Court ruled that Plaintiff is in discovery currently, and that he must admit or deny allegations. Plaintiff cannot claim he lacks knowledge to answer because discovery is incomplete. Thus, Plaintiff must admit or deny these requests. The same analysis applies to Plaintiffs responses to the following numbered requests to admit:

60-61, 68, 108, 110, 112-14, 121, 123, 139-42, 144-45, 147-48, 150-51, 153-54, 171, 173, 175, 177, 193, 196, 214, 216, 218, 220, 222, 224, 226, 228, 230.

Going forward, Plaintiff should, in a manner consistent with this Opinion, respond to *all* of the requests to admit deemed insufficient and those not ruled on in this Opinion–i.e., those not identified in the chart appearing in Defendant's original motion. That means that Plaintiff should expressly admit or deny the entirety of a request; it cannot offer only partial or conditional admissions or denials. It also means that Plaintiff must answer questions about his knowledge with an express admission or denial: Plaintiff must admit or deny the facts (or absence of facts) of which he is aware. Finally, Plaintiff cannot respond by claiming lack of knowledge because discovery is incomplete.

### III. Conclusion

For the foregoing reasons, this Court denies Defendant's motion. The Court also finds that its May 11, 2009, Order regarded only those requests to admit identified in Defendant's original motion. Out of those contested responses, the Court finds that the following responses to Defendant's numbered requests comply with Rule 36: 3, 7, 9, 13-14, 15-22, 29-33, 35, 38-52, 54, 62-67, 69-74, 94-96, 99-106, 109, 111, 115-20, 122, 124, 135-38, 143, 146, 149, 152, 155, 170, 172, 174, 176, 178–86, 192, 194-95, 197-213, 215, 217, 219, 221, 223, 225, 227, 229, 231.

As to the remaining responses to the requests to admit identified in Defendant's original motion, the Court finds that they do not comply with Rule 36. They are the responses to the following numbered requests: 8, 23-25, 34, 53, 59-61, 68, 108, 110, 112-114, 121, 123, 139-42, 144-45, 147-48, 150-51, 153-54, 171, 173, 175, 177, 193, 196, 214, 216, 218, 220, 222, 224,

226, 228, 230. The Court strikes these non-compliant responses and give Plaintiff 21 days to amend its responses.

The Court also strikes all other responses not discussed in this Opinion. The Court gives Plaintiff 21 days to amend all of its stricken responses so that they comply with this Opinion.

**ENTER ORDER:**

*[signature]*
MARTIN C. ASHMAN
United States Magistrate Judge

Dated: October 6, 2009.