# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1095 | **DATE** | September 21, 2010 |
| **CASE TITLE** | Matz v. Household Intl Tax, et al | | |

**DOCKET ENTRY TEXT**

Defendant Household International Tax Reduction Investment Plan's ("Plan") motion for leave to serve interrogatories in excess of 25 interrogatories [448] is granted. The Plan shall have until September 24, 2010, to amend the second set of interrogatories as necessary to be consistent with this ruling. Plaintiff shall have until October 29, 2010, to answer these interrogatories. The parties are then ordered to meet and confer in person by no later than November 12, 2010. If after this meet and confer a motion to compel is required, the Plan shall have until November 19, 2010, to file the motion and to notice the motion for November 30, 2010, at 11:00 a.m. The status hearing previously scheduled for October 13, 2010, is rescheduled for November 30, 2010, at 11:00 a.m.

■[For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

The Plan seeks leave to serve interrogatories in excess of the 25-question limit set forth in Federal Rule of Civil Procedure 33(a)(1). Rule 33 gives this court the discretion to grant that relief, and this court finds that the Plan has shown good cause for its request. The court struck as improper all of the plaintiff's responses to the first request for admissions and many of his responses to the Plan's second request for admissions. In plaintiff's response to the third request for admissions, he again denied a variety of facts set forth in the third request, including the Plan's assertion that its sponsor acquired 26 bank branches in the fourth quarter of 1994. The court permitted these denials to stand. The Plan now seeks to serve additional interrogatories in order to identify the evidence on which the plaintiff based those denials.

In response to the motion, plaintiff argues that the Plan's proposed interrogatories are overly broad and cumulative, that answering them while there are lingering discovery disputes is inefficient, and that the Plan already possesses the information sought by the interrogatories. The court is not persuaded by plaintiff's counter arguments. The additional interrogatories to be served upon the plaintiff--if designed to investigate the factual basis for plaintiff's denials in their response to the Plan's third request to admit--are not overly broad. If a specific interrogatory is overly broad or unduly burdensome, plaintiff is entitled to pose objections as he sees fit and the court will rule on the objections if a motion to compel is filed. Efficiency cannot be a consideration here as the Plan is merely trying to learn the information the plaintiff relied on when denying parts of its third request to admit. The Plan has a right to know now what evidence plaintiff relied on in responding to the request to admit, and he can supplement his responses in the event that evidence eventually produced as a result of lingering discovery disputes alters his answers. The purpose of the Plan's second set of interrogatories is to gain plaintiff's perspective on what evidence supports his denials and to get to the bottom of perceived contradictions in his discovery responses. The interrogatories are an appropriate way to garner that information.

## STATEMENT

The Plan has made a particularized showing that the additional interrogatories are necessary to clarify factual disputes. Accordingly, the Plan's request to file interrogatories in excess of 25 interrogatories is granted.