# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1095 | **DATE** | 3/24/2011 |
| **CASE TITLE** | Matz vs. Household Int'l Tax Reduction Investment Plan | | |

**DOCKET ENTRY TEXT**

The defendant's motion to set aside Magistrate Judge Kim's order [438] is denied. The case is set for status on April 12, 2011 at 9:30 a.m. before the district judge. On that date, the court will set a date for a hearing on documentary evidence existence, destruction and possibly spoliation.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Defendant's protestations to the contrary, Magistrate Judge Kim has entered a discovery order determining that defendant failed to comply with Judge Ashman's discovery order by presenting seven inadequate affidavits concerning document production and/or destruction. Magistrate Judge Kim ordered defendant to comply with Judge Ashman's order and to pay a *small* monetary award to cover (in small part) plaintiffs' costs in bringing its motion for sanctions. Judge Kim made no case-dispositive ruling. Regardless, we apply a *de novo* standard.

Magistrate Judge Kim's order was restrained and temperate, and it in no way constituted clear error or an abuse of discretion. All he did was find that defendant had not adequately complied with Judge Ashman's order, order the defendant to comply with that order, and impose a tiny financial sanction for plaintiff's cost of bringing the motion. This court has reviewed defendant's seven affidavits and agrees that they are inadequate to satisfy Judge Ashman's order. Given defendant's noncompliance with Judge Ashman's order, Judge Kim's order was the soul of careful discretion. Except that it was perhaps more restrained than necessary, this court agrees with it completely.

Defendant's argument that Judge Ashman's discovery order was concerned only with housemail is patently incorrect; Judge Ashman could not have been clearer that his order reached paper and electronic discovery. In Judge Ashman's words: "The order is the motion to compel is granted. And as to any documents which, electronic or otherwise, []may not be available, there shall be a detailed affidavit signed by parties who know as to the exact circumstances of any missing or potentially missing documents." (Transcript of Dec. 3, 2009 at 22.)

There is perhaps good reason why this case is 15 years old, given all the interlocutory appeals that have taken place. But it is reaching the age where it has ascended (or descended) to the status of Dickens' imaginary lawsuit from the netherworld, *Jarndyce v. Jarndyce:* "[f]og is everywhere." It is not simply the appeals to the Seventh Circuit and the Supreme Court that are responsible for this case's snail's pace although they are a significant contributing factor. Rather, the issues of document discovery and potential spoliation have been made

**STATEMENT**

extraordinarily complicated, and the referral to the magistrate judge (actually, it has now been two magistrate judges) has given the parties two opportunities to litigate everything to profligate excess, as well as subtly inducing this court to delay resolution of whatever is pending, on the false apprehension that the girth of the briefs has some correlation to the matter's difficulty.

Accordingly, this court is temporarily withdrawing the reference in part. The case is set for status on April 12, 2011 at 9:30 a.m. before the district judge. On that date, the court will set a date for a hearing on documentary evidence existence, destruction and possibly spoliation. The court will seek to identify what documents existed at each point in time that are relevant to the issues in controversy, whether those documents still exist, whether those documents have been turned over to plaintiffs, and if the documents do not exist or have not been produced, why not. Based on that hearing, the court will make findings on these issues. On the status date, the parties should be prepared with a list of witnesses they intend to call or subpoena for the hearing so that the court can make an estimate of its likely length. There should be no mistake: the scope of the hearing to be scheduled encompasses both paper and electronic documentation. The purpose of holding this hearing in the district court is to avoid the delay resulting from the possibility of appeals if the findings are made by the magistrate judge. However, subject to his availability, this court invites Judge Kim to co-preside at the hearing.