# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1095 | **DATE** | January 23, 2012 |
| **CASE TITLE** | Matz vs. Household Intl Tax, et al | | |

**DOCKET ENTRY TEXT**

Donald C. Clark's Motion to Quash Subpoena for Medical Records [540] is granted in part and denied in part. The motion is granted to the extent that Clark is not required to release any of his medical records at this time. The motion is denied to the extent that if Defendant lists Clark as a witness or offers his testimony later in these proceedings, Plaintiff is granted leave to serve a subpoena on Clark, within 14 days of Defendant's action, for the medical records pertaining to his Alzheimer's Disease.

■[For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Donald C. Clark's Motion to Quash Subpoena for Medical Records [540] is granted to the extent that he is not required to release any of his medical records at this time. The motion is denied to the extent that if Defendant lists Clark as a witness or offers his testimony later in these proceedings, Plaintiff is granted leave to serve a subpoena on Clark, within 14 days of discovering Defendant's action, for the medical records pertaining to his Alzheimer's Disease.

The subpoenaed medical records are not needed at the moment because Clark is not a witness in this case and the assigned District Judge has declined to consider his testimony in connection with the class-certification issue for which it was offered. On July 21, 2011, Defendant moved to decertify the class in this case based on the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011). (R. 516.) Then on August 31, 2011, Defendant filed a reply brief responding to Plaintiff's opposition and attached a transcript of Clark's August 11, 2011 deposition and a copy of Clark's January 19, 2010 affidavit. (R. 528, Exs. A, B.) In his affidavit, Clark attested that if called, he "could competently testify" to the matters conveyed therein. (Id. at 1.) Clark's affidavit is based on his recollection of events that occurred while he served as the Chief Executive Officer of Household International, Inc. from 1982 to 1994 and while he served on its Board of Directors from 1982 to 1996. (Id.) In response, Plaintiff moved the assigned District Judge to either strike Clark's affidavit, or to permit him to discover additional information about Clark's Alzheimer's Disease. (R. 529.)

Less than a week later—without waiting for a ruling from the assigned District Judge—Plaintiff served a subpoena on Clark seeking "[a]ll documents relating to the medical condition of Mr. Clark from January 1, 2010, to the present, including those relating to his diagnosis of Alzheimer's Disease and any medication or treatment he is taking or receiving." (R. 540, Ex. 1, Sept. 12, 2011 Subpoena.) On September 28, 2011, Clark filed the instant motion to quash the subpoena for his medical records. (R. 540.) On September 30, 2011, the court entered and continued the motion to quash because Plaintiff's motion opposing Defendant's reliance on Clark's

testimony remained pending. On November 29, 2011, the assigned District Judge granted Plaintiff's motion and declined to consider Clark's testimony in ruling on Defendant's motion to decertify the class. (R. 558.) However, the assigned District Judge did not foreclose the possibility of considering Clark's testimony in the future depending on how Defendant responded to Plaintiff's evidence justifying class certification. (R. 558, 559.)

In light of the assigned District Judge's ruling, the court asked Plaintiff in open court on December 8, 2011, whether he still needs Clark's medical records. Plaintiff responded that he does, arguing that the issue regarding Clark's medical records is a live one. Although Plaintiff does not intend to call Clark as a witness, Defendant has not confirmed whether it plans to rely on Clark's testimony in this litigation. But despite that lack of confirmation, Defendant has not offered Clark's testimony as evidence in the time following the assigned District Judge's decision to set his testimony aside. On December 20, 2011, Plaintiff submitted supplemental evidence to the assigned District Judge to justify the class certification. (R. 571-577.) Defendant filed its opposition to the supplemental evidence but did not offer Clark's testimony. (R. 580.) Instead, Defendant offered the testimony of W.F. Aldinger, III, Robert Darnall, and Randall Raup to counter Plaintiff's evidence. (R. 580, Exs. C, D, E.) As such, Clark's testimony will not be a factor when the assigned District Judge rules on the pending motion to decertify the class.

Of course—as correctly pointed out by Plaintiff on December 8, 2011—nothing prevents Defendant from offering Clark's testimony in connection with other motions or at trial. If Defendant lists Clark as a witness or offers his testimony in connection with this case, Plaintiff has leave of court, within 14 days of such action by Defendant, to serve a subpoena on Clark to secure all medical records pertaining to his Alzheimer's Disease. The balance of competing interests here tips in Plaintiff's favor, because the medical records may speak directly to the reliability of any testimony offered by Clark down the road. In moving to quash, Clark relies heavily on *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923 (7th Cir. 2004), and *Patterson v. Burge*, No. 03 CV 4433, 2005 WL 43240 (N. D. Ill. Jan. 6, 2005), but neither case is persuasive on the issue of whether Plaintiff's subpoena should be quashed in toto. In *Northwestern Memorial*, the Seventh Circuit found that the patient records the government subpoenaed in that case did not have any probative value to the contested issues whatsoever. 362 F.3d at 927-928. In *Patterson*, the district court held that because the defendants in that case failed to articulate the relevance of the materials sought, when balanced against the interests of non-parties, they were not entitled to discovery. 2005 WL 43240 at *1-2. The same is not true in this case. Although Clark is not a party to this action, he is a potential witness and the records Plaintiff seeks *will* have information the fact finder needs to properly gauge the weight of his testimony. Those records will also assist the court in considering his qualifications as a witness under Federal Rule of Evidence 602. Plaintiff does not accuse Clark of lying under oath but that his ability to recollect diminishes the weight of his testimony and calls into question his qualification to serve as a witness. Although there is some evidence to be gleaned from Clark's deposition regarding the nature of his condition, Clark's descriptions of the medical effects of Alzheimer's Disease may not be binding on him or useful to the court. Instead, information about the effects of the disease from medical professionals would be more relevant and useful. However, based on the information provided by Plaintiff, there is no basis to require Clark to disclose *all* medical records. In the event Plaintiff must exercise his right to secure medical records from Clark, his right is limited to asking for medical records pertaining to Clark's Alzheimer's Disease from January 1, 2010, to the present.

Furthermore, Clark is not a party to this action and should be accorded additional protection to ensure that he is not unnecessarily inconvenienced and that his privacy is protected to the extent possible. If Plaintiff serves a subpoena on Clark for his Alzheimer's-related medical records, instead of collecting and compiling the requested records himself, he may satisfy the requirements of the subpoena by providing the names and addresses of the medical providers who possess the responsive medical records along with an authorization to release those

| STATEMENT |
|---|
| records to Plaintiff. Plaintiff must also move for the entry of a protective order (along with a draft protective order) so that Clark's privacy interests are protected. The draft protective order must contain provisions requiring Plaintiff to seek leave of court before any of Clark's medical records are filed with the court. |