# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT J. MATZ, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOUSEHOLD INTERNATIONAL TAX )<br>REDUCTION INVESTMENT PLAN n/k/a )<br>HSBC-NORTH AMERICA (U.S.) TAX )<br>REDUCTION INVESTMENT PLAN, )<br>)<br>Defendant. ) | Case No. 96 C 1095<br><br>Judge Joan B. Gottschall |

## MEMORANDUM OPINION & ORDER

In 1996, Plaintiff Robert J. Matz brought this action on behalf of himself and similarly situated employees of Household International, Inc., who were participants in the Household International Tax Reduction Investment Plan. He alleged that the Plan violated the Employee Retirement Income Security Act of 1974 (ERISA) by failing to declare a "partial termination" of the Plan, which would have resulted in the full vesting of contributions made by Household to the individual accounts of the Plan participants. The court granted summary judgment in favor of the Plan on March 26, 2014. The Plan now seeks its costs incurred in connection with the lawsuit. Matz objects to the bill of costs, contending that the Plan does not adequately make a showing that the particular costs were reasonable and necessary. For the reasons stated below, the court awards costs in the amount of $63,793.57.

### I. LEGAL STANDARD

Fed. R. Civ. P. 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under 28 U.S.C. § 1920, recoverable

costs are: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts and interpreters. There is a "strong presumption" that the prevailing party should be allowed to recover its costs. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). The court must determine "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

Matz argues that any costs awarded are subject to the "substantially justified" standard provided in § 1132(g) of ERISA, citing *Hakim v. Accenture United States Pension Plan*, 901 F. Supp. 2d 1045 (N.D. Ill. 2012). *See* 29 U.S.C. § 1132(g). Although the *Hakim* court found that assessment of costs is subject to § 1132(g), it ultimately decided that the "sensible approach" is to borrow the widely used standards provided in Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920 because § 1132(g) does not conflict with those standards. *Id.* at 1054-55. The Seventh Circuit agreed that nothing in § 1132(g) is contrary to Rule 54(d), and thus, Rule 54(d) is the controlling standard for assessing costs. *Leimkuehler v. Am. United Life Ins. Co.*, 713 F.3d 905, 915 (7th Cir. 2013).

## II. ANALYSIS

### A. Costs Related to Depositions and Exhibits

#### 1. **Deposition Testimony**

The Plan seeks $2,457.34 for deposition transcripts and a court reporter attendance fee. Matz argues that the Plan is not entitled to the cost of all twelve depositions because only seven

of them were used in the Plan's summary judgment motion, and the Plan makes no showing of need for the remaining five. The Plan responds that the introduction of a deposition into a motion for summary judgment is not a prerequisite for finding that the depositions were necessary. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998).

The court awards costs for deposition transcripts if the deposition appears reasonably necessary in light of the facts known at the time of the deposition. *Id.* The Local Rules of the Northern District of Illinois provide that the cost of transcripts may not exceed the rate established by the Judicial Conference of the United States that was in effect at the time the transcript was filed. N.D. Ill. L.R. 54.1(b).

The court finds that the Plan can recover the costs of all the deposition transcripts. Matz noticed all the depositions, except for his own, and the parties have used all of them in proceedings in this litigation. *See Lewis v. City of Chicago*, No. 04 C 6050, 2012 WL 6720411, at *5 (N.D. Ill. Dec. 21, 2012) (holding that nine depositions not used in summary judgment documents were reasonably necessary).

The Plan seeks reimbursement for the deposition transcript of Kathleen Dempsey taken in 2002 at a rate of $0.83 per page, but the Judicial Conference set the 2002 maximum rate for transcript copies at $0.75 per page. *See Se-Kure Controls, Inc. v. Vanguard Prods. Grp.*, 873 F. Supp. 2d 939, 945 (N.D. Ill. 2012). Nevertheless, the court awards the Plan the full amount it requests for the deposition—$106.24, or $0.83 per page—because the rate does not exceed the highest allowable per-page rate ($3.00) for an original ordinary transcript. *Id.* (awarding Vanguard the cost for copies of transcripts at a rate of $1.10 per page because the rate does not exceed the highest maximum rate (in 2002) of $3.00 for an ordinary transcript).

The Plan also seeks $276 for an appearance fee in the deposition of Matz. Court reporter appearance fees are allowable in excess of the maximum per page amount, but may not exceed the published rates of $110 per half day (four hours or less) or $220 for a full day. *See Maximum Transcript Rates* (Jan. 26, 2012), http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm. The $276 appearance fee for six hours exceeds the maximum allowable rate and is reduced by $56 to $220. *See SP Techs., LLC v. Garmin Int'l, Inc.*, No. 08 CV 3248, 2014 WL 300987, at *6 (N.D. Ill. Jan. 10, 2014) (reducing appearance fees of $238 for 7.5 hours and $350 for 10 hours, respectively, to $220). Thus, the court reduces the Plan's requested award of $2,457.34 by $56 and awards the Plan $2,401.34 for the cost of deposition transcripts, including the court reporter appearance fee.

**2. Exhibits**

The Plan seeks reimbursement for $1,162.55 for the costs of deposition exhibits. Matz argues that he should not have to pay for copies of the exhibits that his attorneys provided the Plan. The Plan says that the additional copy of each of the exhibits was needed to facilitate the witnesses' review of their testimony because the court reporter did not provide a set.

Generally, costs of deposition exhibits cannot be recovered where the party was in possession of the exhibits before the depositions took place. *Fagbemi v. Spatz*, No. 08 C 3736, 2010 WL 3522946, at *4 (N.D. Ill. Sept. 2, 2010). But, costs for exhibits can be awarded if they are "essential to understanding an issue in the case." *U.S. Fid. & Guar. Co. v. Shorenstein Realty Servs., L.P.*, 803 F. Supp. 2d 920, 923 (N.D. Ill. 2011) (internal quotation marks omitted).

The court finds that the deposition exhibits were essential. The litigation was long and complex, and it is reasonable for witnesses to need to review the exhibits in conjunction with their testimony. *See Hardwick v. Sunbelt Rentals, Inc.*, No. 09-cv-1106, 2010 WL 3270053, at

*3 (C.D. Ill. 2010) (awarding costs of copies of deposition transcripts for witnesses to review). But, the court finds that the Plan's per-page rate of about $0.45 for deposition exhibits is excessive, and reduces the recoverable rate for copying deposition exhibits to $0.20 per page. *See Benuzzi v. Bd. of Ed. of City of Chicago*, No. 09 C 3510, 2010 WL 3038101, at *1 (N.D. Ill. July 30, 2010) (reducing per-page rate of exhibit copies from $0.35 to $0.20); *Kaplan v. City of Chicago*, No. 05 C 2001, 2009 WL 1940789, at *4 (N.D. Ill. July 6, 2009) (finding that costs between $0.10 and $0.20 per page are reasonable). Thus, the Plan is awarded $521.40 for deposition exhibits—2,607 pages at $0.20 per page.

**B. Court Transcript Costs**

The Plan seeks to recover $1,534.55 for fourteen court transcripts of motion and status hearings and of oral arguments, eleven of which were expedited. Matz argues that the Plan has not demonstrated a need for those transcripts. Alternatively, Matz contends that even if the transcripts were necessary, the cost of expedited delivery charged to eleven of the transcripts cannot be recovered unless there is a showing of a specific need. In addition, Matz highlights a small math error leading to a two-dollar overcharge, which the Plan recognizes.

The Plan argues that the costs of the pretrial transcripts were reasonably necessary in order to ensure compliance with rulings from the bench, particularly in connection with discovery proceedings. The Plan also provides specific reasons for eight of the eleven expedited transcripts, such as quickly approaching deadlines limited by Fed. R. Civ. P. 72.

The cost of a pretrial transcript is recoverable if it is "reasonably necessary for the prevailing party to obtain them." *Carlson v. Bukovic*, No. 07 C 06, 2009 WL 2448603, at *3 (N.D. Ill. Aug. 7 2009) (internal quotation marks omitted); *see also SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 944 n.9 (7th Cir. 1988) (affirming award of the cost of

pretrial transcripts). Notably, pretrial transcript costs can be awarded when the case is "complex," and the "pretrial hearings limited or clarified the issues." *Movitz v. First Nat'l Bank of Chi.*, 982 F. Supp. 571, 575 (N.D. Ill. 1997).

The Local Rules of the Northern District of Illinois provide that the cost of transcripts may not exceed the rate established by the Judicial Conference of the United States that was in effect at the time the transcript was filed. N.D. Ill. L.R. 54.1(b). For the transcripts filed before November 1, 2007, the maximum reimbursement rate was $3.30 per page for an ordinary transcript. *Se-Kure*, 873 F. Supp. 2d at 945. After November 1, 2007, the maximum reimbursement rate is $3.65 per page for an ordinary transcript, $4.85 per page for an "expedited" transcript, $6.05 per page for a same-day transcript, and $7.25 for a transcript to be delivered within two hours. *Phillips v. Allen*, No. 07 C 666, 2011 WL 1884558, at *1 (N.D. Ill. May 6, 2011).

The court finds that the costs of eleven of the fourteen transcripts are reasonable and recoverable. The litigation was lengthy and "complex," spanning 18 years, with the transcripts dating back as far as nine years. *See Movitz*, 982 F. Supp. at 945. The transcripts were necessary to "assess the rulings [and] ensure compliance with their terms." (Def's Bill of Costs, ECF No. 741-6, at 5); *see Beam v. Petersen*, No. 07 C 1227, 2011 WL 4431815, at *5 (N.D. Ill. Sept. 22, 2011).

In addition, the Plan further offers specific reasons for eight of the eleven transcripts ordered on an expedited basis, including to address and timely comply with the magistrate judge's rulings and to comply with further briefing arguments. *See id.* But, the Plan has not offered any reason why expedited transcripts were necessary for three of the transcripts. Accordingly, the court will reduce the charges for those transcripts to $3.65 per page, as reflected

in the table below, for a total reduction of $107.40.

| Hearing Date | Pages | Amount Requested | Amount Allowed |
|---|---|---|---|
| September 20, 2010 | 20 | $97.00 | $73.00 |
| February 22, 2011 | 63 | $305.55 | $229.95 |
| March 8, 2011 | 13 | $55.25 | $47.45 |
| | **Total:** | **$457.80** | **$350.40** |

The court therefore reduces the Plan's requested award from $1,534.55 to $1,425.15, reflecting the $107.80 reduction for the three hearing transcripts and the removal of the two-dollar overcharge.

## C. Pleadings and Filings

The Plan seeks $4,027.80 for copies of pleadings and filings. Matz argues, without citing authority, that the Plan is not entitled to recover the costs of copies of pleadings and filings because it has not demonstrated a specific need. In addition, Matz argues that with the use of electronic filing, parties can download copies of filings at no charge. The court finds that the Plan can recover its costs for its pleadings and filings.

The Plan correctly states that pursuant to 28 U.S.C. § 1920, the costs of pleadings and filings are recoverable. *See Lewis*, 2012 WL 6720411, at *9. Before mandatory electronic filing, parties could recover the cost of up to three copies of the documents. *See Gutzwiller v. City of Chicago*, No. 03 C 7598, 2007 WL 2298366, at *2 (N.D. Ill. Aug. 3, 2007) (allowing recovery for up to three copies of documents before electronic filing existed). Even with electronic filing, a prevailing party may recover costs for up to two copies of "pleadings, motions, and memoranda submitted to the court." *Lewis*, 2012 WL 6720411, at *9. Also, the prevailing party need only submit an "itemization identifying the type of document, the number of pages copied, and the cost per page." *Id.* Since the Plan never seeks costs for more than three copies of any document before mandatory electronic filing, and no more than two afterwards,

7

and it submits an itemized list, the court finds that the Plan can recover the costs of copies of pleadings and filings.

With one exception, the Plan's cost list shows that copies were made at a rate between $0.10 and $0.20 per page, which is reasonable. *See id*. The Plan also seeks the cost of two copies of its 133-page Rule 56.1(a)(3)(b) statement, with a per-page rate of $1.00 for color copies of 24 pages, and $0.12 per page for black-and-white copies of the remaining 109 pages. The use of color is necessary to distinguish the difference in calculations made by Judge Posner in one of his opinions on appeal, and the $1.00 per-page rate is reasonable. *See, e.g.*, *Marcus & Millichap Real Estate Inv. Servs. of Chi., Inc. v. Sekulovski*, No. 07 C 5369, 2010 WL 145785, at *11 (N.D. Ill. Jan. 12, 2010) (awarding fees for color copies at a rate of $1.07 per page). Accordingly the court awards the Plan $4,027.80 for copies of pleadings and filings.

D. **Documents Produced in Litigation**

1. **Defendant's Document Production**

The Plan seeks $50,399.63 for the costs of documents produced in discovery. Matz argues that the Plan fails to demonstrate why it needed to produce these documents, citing *Top Tobacco, L.P. v. North Atlantic Operating Co.*, No. 06 C 950, 2007 WL 1149220 (N.D. Ill. Apr. 17, 2007). Matz also argues that the amount sought in the itemized list of costs does not match the invoices, which include costs for other services and items, such as Bates numbering and compact discs.

The court finds that Matz's arguments lack merit and awards the Plan $50,399.63 for documents produced in discovery. The only showing of necessity required for documents produced in discovery is an affidavit made pursuant to 28 U.S.C. § 1924, stating that such copies were made necessarily and the fees charged were necessary. *Nat'l Org. for Women v. Scheidler*,

No. 13-2197, -- F.3d --, 2014 WL 1677999, at *2 (7th Cir. Apr. 29, 2014). The Plan has submitted two affidavits from its attorneys stating the accuracy of the information and the necessity of deposition exhibits and transcripts of court proceedings, including those that were expedited.

*Top Tobacco* held that North Atlantic could not recover $62,630.72 in copying costs for discovery documents without some justification for the need to make those copies. 2007 WL 1149220, at *9. But *Top Tobacco* is distinguishable. There, North Atlantic produced only 5,000 pages of documents, but sought over $62,000—over $12 per page. *Id.* Here, however, the Plan seeks $50,399.63 for copies of over 350,000 pages of documents. Moreover, this court has previously awarded over $60,000 in copying costs when the litigation was "long [and] paper intensive." *Great Lakes Dredge & Dock Co. v. Commercial Union Assurance Co.*, No. 94 C 2579, 2000 WL 1898533, at *2 (N.D. Ill. Sept. 18, 2000) (quoting *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 n.13 (7th Cir. 1991)). The litigation spanned over 18 years, and given the amount of pages produced in discovery, the cost of $50,399.63 is reasonable.

### 2. Documents Produced in Response to Subpoena Requests

The Plan also seeks $5,018.25 for documents produced in response to Matz's subpoena requests. Matz generally objects to the allowance of costs related to documents produced in response to his subpoenas because the invoices mention the cost of items or procedures such as Bates numbering, "CD-Masters," and "OCR." But, the Plan is not seeking reimbursement for all of those costs. It asks only for the basic copy rate plus the Bates-numbering rate, at a total rate that does not exceed $0.20 per page. (Def's Bill of Costs, ECF No. 741-6, at 1-2). Since that is a reasonable rate for copy fees, the court will allow the Plan to recover the cost of the documents

produced in response to subpoenas, including the cost of Bates numbering. *See, e.g.*, *Allen v. City of Chicago*, No. 09 C 243, 2013 WL 1966363, at *6 (N.D. Ill. May 10, 2013) (awarding costs for discovery-document production, including the cost of Bates numbering); *Lewis*, 2012 WL 6720411, at *9 (finding copy rates between $0.10 and $0.20 per page to be reasonable). The court awards the Plan $5,018.25 for copies of documents produced pursuant to subpoenas.

### III. CONCLUSION

The court awards the Plan $2,401.34 for deposition transcripts and a court reporter fee, $521.40 for deposition exhibits, $1,425.15 for court transcript costs, $4,027.80 for pleadings and filings, $50,399.63 for documents produced in the Plan's document production, and $5,018.25 for copies of documents produced pursuant to subpoenas, for a total of $63,793.57.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: June 12, 2014